IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GALLAGHER, | § | |
| Dall. Cnty. Jail Bookin No. 23009432, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1062-S-BN |
| | § | |
| UNIDENTIFIED DEFENDANTS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ryan Gallagher, incarcerated at the Dallas County jail, submitted a *pro se* filing in this district that has been construed as a civil complaint alleging violations of his civil rights and fair housing laws. *See* Dkt. No. 3. The presiding United States district judge referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action under prior sanctions entered by this Court.

"Gallagher is no stranger to the federal courts." *Gallagher v. Wray*, No. 3:19-cv-930-N-BK, 2019 WL 2719285, at *2 (N.D. Tex. May 24, 2019), *rec. accepted*, 2019 WL 2716542 (N.D. Tex. June 28, 2019). In fact, as of May 24, 2019, Gallagher, "a serial litigator, [had] filed over 30 cases since 2016 in federal district courts nationwide." *Id.*

And more than one judge of this Court has previously imposed sanctions

against him, preventing Gallagher from proceeding either *pro se* or *in forma pauperis* in this Court without first obtaining leave of the Court. *See, e.g.*, *id.*; *Gallgher v. Ole Miss (Univ. of Miss.)*, No. 3:19-cv-1251-B-BN, 2019 WL 2617981 (N.D. Tex. May 28, 2019), *rec. accepted*, 2019 WL 2617055 (N.D. Tex. June 26, 2019); *Gallagher v. FBI*, No. 3:19-cv-2250-K-BN, 2019 WL 5273238 (N.D. Tex. Sept. 23, 2019), *rec. accepted*, 2019 WL 5268517 (N.D. Tex. Oct. 16, 2019) (expanding filing restrictions previously imposed on Gallagher to include actions transferred or removed to this Court).

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995).

But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Under this obligation, the Court should honor sanctions previously imposed against Gallagher, under which he is barred "from proceeding either *in forma pauperis* or *pro se* as to any future action in this Court – whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – without first obtaining leave of the Court" and therefore dismiss this action for Gallagher's failure to obtain leave. *Gallagher*, No. 3:19-cv-

2250-K-BN, Dkt. No. 23 (judgment) (N.D. Tex. Oct. 16, 2019).

**Recommendation**

The Court should summarily dismiss this action under previously imposed sanctions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE